Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | 7-20-2010 |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8066 | **DATE** | 7/20/2010 |
| **CASE TITLE** | Select Medical Corp. vs. Cash Flow Consultants, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiff for order of contempt [16] is granted. The parties shall appear for status on September 10, 2010.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Before the Court is Plaintiff Select Medical Corporation's ("Select Medical") motion for order of criminal and civil contempt against Defendants Cash Flow Consultants ("CFC"), Robert Ricobene, Robert Doyle and Jeff Connor (collectively, "Defendants"). CFC is a collection agency that contracted with Select Medical to collect the company's outstanding debts. In May 2009 the parties' contract terminated, though Select Medical alleges that CFC continued to collect debts from Select Medical's patients without authorization.

    Select Medical initiated this case on December 30, 2009, alleging an assortment of claims against Defendants, including civil RICO, permanent injunction, accounting, breach of contract, conversion and unjust enrichment. Subject matter jurisdiction, which Defendants are yet to properly challenge, is based on diversity. On January 7, 2010 Select Medical moved for a temporary restraining order to keep CFC from collecting from its patients. The Court granted the motion on January 13, 2010. About a week after the Court entered the TRO, the Court entered a preliminary injunction. The injunction was fairly comprehensive. It required among other things that Defendants "immediately cease and desist any and all current or future efforts to contact, communicate with or collect monies from patients of Plaintiff Select Medical and/or patients of Select Medical's subsidiaries and/or affiliates." See Dkt. [13]. This broad language didn't give Defendants much leeway, though soon it came to Select Medical's attention that CFC contacted and collected money from one of Select Medical's patients after the Court entered the TRO and the preliminary injunction. This conduct, according to Select Medical, presents a sound basis for civil contempt. The Court agrees.

    "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." United States v. Dowell, 257 F.3d 694, 699 (7th Cir. 2001) (quoting Jones v. Lincoln Elec. Co., 188 F.3d 709, 737 (7th Cir. 1999)). To hold a party in civil contempt, the court must be able to point to an order that specifically sets forth an unequivocal command that the party in contempt has violated. See Jones, 188 F.3d at 738. The proof for civil contempt must be clear and convincing. Dowell, 257 F.3d at 699 (citing Stotler & Co. v. Able, 870 F.2d

| STATEMENT |
|---|

1158, 1163 (7th Cir. 1999)). The court does not have to find that the violation was willful, and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered. <u>Goluba v. Sch. Dist. of Ripon</u>, 45 F.3d 1035, 1037 (7th Cir. 1995).

    In response to Select Medical's motion, Defendants' primary argument is that CFC's continued collection efforts were allowed under the parties' original agreement (because the payment arrangements survived termination), and thus Defendants "did not willfully violate any Order" of this Court. But Defendants are wrong. The injunction orders that this Court entered cannot be unilaterally ignored because Defendants insist that they are required to act under a prior agreement. The proper procedure for any party seeking to act in contravention to an injunction order, despite a prior agreement, is to file a motion to amend the injunction, and then, assuming the motion is granted, to act in accordance with the revised order. Without such a motion, a party that fails to comply with an injunction may be subject to civil contempt, regardless of whether that party's failure to comply was willful or not. See <u>Goluba</u>, 45 F.3d at 1037 (noting that willfulness is not requirement). Defendants cannot use their response to the instant motion to raise arguments that should have been raised at the hearing on Select Medical's motion for preliminary injunction. Defendants' conduct in this instance demonstrates a failure to act reasonably diligent in attempting to accomplish what the Court ordered in the preliminary injunction. As it turns out, this is a sufficient basis to justify an order of contempt. See <u>United States v. Heubner</u>, 752 F.2d 1235, 1241 (7th Cir. 1985). Accordingly, Select Medical's motion for civil contempt is granted against all Defendants. The parties shall appear for status on September 10, 2010, at which time Select Medical shall be prepared to discuss the relief it seeks as a result of this Order.

    IT IS SO ORDERED.