# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8066 | **DATE** | 11/17/2010 |
| **CASE TITLE** | Select Medical Corporation vs. Cash Flow Consultants, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Motion by Defendants to dismiss Count I of Plaintiff's complaint [28] is denied. Defendants shall file an answer to the complaint or other appropriate pleading on or before December 8, 2010. IT IS SO ORDERED.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendants' motion to dismiss Count I of Plaintiff Select Medical Corporation's ("Select Medical") complaint. For the following reasons, the motion is denied.

Select Medical is a medical service provider. Defendant Cash Flow Consultants, Inc. ("CFC") is a collection agency. The remaining individual Defendants, including Robert Ricobene ("Ricobene"), served as CFC's primary officers and agents. Prior to this lawsuit, Select Medical hired CFC to collect debts on its behalf. CFC eventually dissolved as a corporation, and the parties' collection agreement terminated a few months later. Select Medical initiated this case on December 30, 2009 after it discovered that Ricobene continued to operate CFC (a dissolved corporation) as though it was a legitimate business and continued to collect money from Select Medical's debtors. The company brought an assortment of claims against Defendants, but the basic scheme above is the underlying basis for Count I, a violation of the federal RICO statute, 18 U.S.C. § 1962(c), which Defendants moved to dismiss.

When reviewing a motion to dismiss, the court merely looks at the sufficiency of the complaint, Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000). Rule 8(a) requires that a complaint contain a short plain statement, which must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); see Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The complaint must contain sufficient allegations based on more than speculation to state a claim to relief that is plausible on its face. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Upon a close review of the complaint, the Court finds that Select Medical has pleaded more than enough to put Defendants on notice of the RICO claim and, more importantly, the grounds upon which that claim rests. In support of Count I, Select Medical alleged generally that Ricobene (a "person" for RICO purposes) controlled, operated and conducted the affairs of CFC (the alleged RICO "enterprise") in furtherance of his goal to misappropriate money from Select Medical, the company's former client. In doing

| STATEMENT |
|---|
| so, Select Medical alleged that Ricobene operated CFC as though it were a legitimate business, even though the company had dissolved involuntarily sometime prior to the scheme. These allegations properly support and state a plausible RICO claim. Accordingly, Defendants' motion to dismiss Count I is denied in its entirety.<br>     IT IS SO ORDERED. |